Curia, per

Wardlaw, J.
If in this case the jury, fully instructed, had been left to decide, as a question of fact, what was the character of Mrs. Sims’s possession from 1818 till 1824, this court would not have disturbed the verdict. But the jury were charged that the “ plaintiff’s wife against John Sims, could not, by the possession of her grand-mother, Mrs. Sims, acquire title by the statute of limitations.” And although the reason given, as to the proof on both sides, would seem to imply a submission of the evidence to the jury, the expression of opinion went rather as a point of law, arising from the proof, and no distinction was made between the different periods at which the conflicting declarations of Mrs. Sims were made.
Now, it appears to the court, that the declarations of the person having possession, made at the time, (more especially if the declarations were made when no motive to misrepresent existed, and the person is since dead,) are admissible to shew whether a possession was adverse or not, and in whose right it was held; and that, therefore, Mrs. Sims’s declarations may have been admissible on both sides. If, then, the girl Mahala came to Mrs. Sims’s possession when her daughter and grand daughter were living with her, and was held by her under a title, real or imagined, which was ascribed to the grand-daughter, and the possession so continued for four years after the right of John Sims was vested, the grand-daughter acquired against John Sims a title by the statute of limitations; and no subsequent acts or declarations of the grand-mother could divest that title during the minority of the grand-daughter, *168 The jury must, then, decide upon this statutory title as upon the other facts of the case, and a new trial is ordered.
Richardson, Earle, and Butler, JJ., concurred.